# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **PATRICIA FAITH ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 5:08-CV-1748-VEH |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner,** | ) |
| **United States Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff, Patricia Faith Ross (hereinafter "Ms. Ross"), brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner" or "Secretary"), which denied her application for Disability Insurance Benefits ("DIB"). Ms. Ross timely pursued and exhausted her administrative remedies available before the Commissioner. The case is ripe for review pursuant to 42 U.S.C. § 405(g) of the Social Security Act.

## FACTUAL AND PROCEDURAL HISTORY

Ms. Ross was a 53 year old female at the time of her hearing before the

Administrative Law Judge (hereinafter "ALJ").  (Tr. 29).  She has a high school diploma and has completed one year of college.  (Tr. 111).  Her past relevant work includes employment as a housekeeper, video rental manager, and postal clerk.  (Tr. 19).  Her last period of substantial gainful employment ended on March 11, 2006.  (Tr. 13).  Ms. Ross claims she became disabled on March 11, 2006, due to a seizure disorder and anxiety.  (Tr. 11, 56).

   Ms. Ross filed her application for a period of disability and DIB on June 7, 2006.  (Tr. 75).  The claim was denied by the commissioner on August 3, 2006.  (Tr. 11, 57).  Ms. Ross filed a timely written request for a hearing on October 3, 2006.  (Tr. 62).  The hearing was held on November 28, 2007. (Tr. 11).  The ALJ concluded that Ms. Ross was not disabled and denied her application on January 3, 2008.  (Tr. 20).  The court has carefully considered the record and finds that the decision is due to be remanded as explained below.

## STANDARD OF REVIEW

   The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  *Richardson v. Perales,* 402 U.S. 389, 390, 401 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th

Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[1] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory

---

[1]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of June 12, 2009.

diagnostic techniques."  20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

> (1)   whether the claimant is currently employed;
> (2)   whether the claimant has a severe impairment;
> (3)   whether the claimant's impairment meets or equals an impairment listed by the Secretary;
> (4)   whether the claimant can perform her past work; and
> (5)   whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job."  *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner must further show that such work exists in the national economy in significant numbers.  *Foote*, 67 F.3d at 1559.

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found that Ms. Ross met the insured status requirements of the Social Security Act through June 30, 2009. (Tr. 13). He also found that Ms. Ross has not engaged in substantial gainful activity since the onset of her disability on March 11, 2006. (Tr. 13). The ALJ then concluded that Ms. Ross has a severe impairment of pseudoseizures. (Tr. 13). The ALJ also found that Ms. Ross does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 of the Social Security Regulations. (Tr. 14).

The ALJ concluded that Ms. Ross has the residual functional capacity to perform a full range of exertional work. (Tr. 14). He also found that Ms. Ross is capable of performing past relevant work as a housekeeper, video rental manager, and postal clerk. (Tr. 19) The ALJ finally held that Ms. Ross was not under a disability at any time through the date of the ALJ's decision and therefore was not eligible for DIB under §§ 216(i) and 223(d) of the Social Security Act. (Tr. 20).

## **ANALYSIS**

The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial

evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[2]

Ms. Ross argues that the ALJ erred in applying 11.02 and that she met the Listing 11.02 requirement. (Doc. 9 at 10). She also maintains that the ALJ erred in not considering the testimony of her husband in relation to the severity of her seizures. (*Id.* at 13). Ms. Ross further maintains that the ALJ erred in calculating her past relevant work. *(Id.* at 19). Finally, she argues that the ALJ erred in finding that she suffered from pseudoseizures. *(Id.* at 20).

## I.   THERE IS NOT SUBSTANTIAL EVIDENCE TO SUPPORT THE ALJ'S FINDING THAT MS. ROSS HAS PSEUDOSEIZURES.

On appeal Ms. Ross claims that the ALJ improperly concluded that she suffers from pseudoseizures as opposed to epilepsy.[3] In determining that Ms. Ross has a severe impairment of pseudoseizures, the ALJ stated that "the most recently expressed professional opinion is that the claimant likely has pseudoseizures." (Tr. 13- 14). The ALJ further stated that Dr. Carter "again raised the possibility of some

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3] Ms. Ross claims she suffers from seizures that rise to the level of epilepsy as described in listing 11.02 instead of pseudoseizures. If found to have epilepsy, she has a stronger chance of being found to be disabled.

kind of transient ischemic attack and/or the pseudoseizures opined by Dr. Nuthi." (Tr 19).

There are two references to pseudoseizures in the medical records. One is from Dr. Carter's notes on September 24, 2007, and one is from Dr. Calvert's notes on October 3, 2007. (Tr. 379-380, 405). Dr. Carter's notes state: "Dr. Nuthi also pulled brother aside and told him that she suspected pseudoseizures." (Tr. 379). Dr. Calvert's notes state that "Dr. Nuthi also told brother last week that pt may have pseudoseizures." (Tr. 405). However, an examination of Ms. Ross's medical records from Dr. Nuthi's office reveals no diagnosis or even mention of pseudoseizures.[4] (Tr. 423-431).

The Eleventh Circuit Court of Appeals has held that an ALJ's conclusion must be supported by substantial evidence. *Foote v. Chater*, 67 F.3d at 1561. The Eleventh Circuit has also explained that "substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439)). In addition, the Eleventh Circuit has stated that an ALJ cannot substitute his own judgment for the

---

[4] In their briefs, neither the Commissioner nor Plaintiff refers to any mention of pseudoseizures contained in Dr. Nuthi's records. Similarly, the court's own independent review revealed none.

medical evidence. *Graham v. Bowen,* 786 F.2d 1113, 1115 (11th Cir.1986).

In the instant case, the ALJ's conclusion that "the most recently expressed professional opinion is that the claimant likely has pseudoseizures" is not supported by substantial evidence. (Tr. 14). More specifically, there is an inadequate factual basis to conclude that Ms. Ross suffers from pseudoseizures. The statements in Dr. Carter's and Dr. Calvert's notes that Ms. Ross's brother indicated that Dr. Nuthi suspects pseudoseizures is not substantial evidence nor is it enough upon which to base a medical conclusion. Furthermore, hearsay statements reported by a family member witness about a claimant's supposed medical condition when the underlying records of that doctor do not in any manner confirm the existence of such an impairment do not provide substantial evidence to uphold the ALJ's determination.[5] Put differently, the Commissioner improperly upheld the ALJ's adoption of a hearsay belief allegedly offered by Dr. Nuthi orally when none of the underlying treatment records from her office substantiates <u>even a suspicion much less any concrete medical opinion</u> that Ms. Ross suffers from pseudoseizures.

## II.   THE ALJ ERRED IN FAILING TO CONSIDER THE TESTIMONY OF MS. ROSS'S HUSBAND.

The Eleventh Circuit has held that "where proof of a disability is based upon

---

[5] The records of Dr. Nuthi were not before the ALJ but were received by the Appeals Council. This does not alter the court's substantial evidence determination.

subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983). The ALJ noted that the testimony of Ms. Ross was similar to that of her husband's testimony. (Tr. 16). The Commissioner contends that this gives rise to the implication that the reasons for questioning the husband's testimony are the same for discrediting Ms. Ross's testimony. (Doc. 10 at 15).

The 11.02 Listing states: "A. Epilepsy... At least one detailed description of a typical seizure is required. "Testimony of persons other than the claimant is essential for description of type and frequency of seizures if professional observation is not available." 20 C.F.R. Pt. 404, Subpt. P, App. 1. The testimony of the husband is critical in establishing whether Ms. Ross meets the requirements in the 11.02 listing. In *Schinn v. Commissioner*, the Eleventh Circuit found that the regulations espoused "the general policy permeating these regulations is that ALJs should consider all available evidence, including nonmedical evidence." *Shinn ex rel. Shinn v. Commissioner of Social Sec.,* 391 F.3d 1276, 1285 (11th Cir. 2004.). In that case the court found that the ALJ should have considered the testimony of a minor claimant's mother because:

> The substance of that testimony, along with the medical testimony

discussed above, may be sufficient to prove that Yvonne suffered from recent, recurrent, severe vaso-occlusive crises.

*Shinn,* 391 F.3d at 1286.

In the 11.02 listing, a description by someone other than the claimant is required. Ms. Ross relies on the testimony of her husband to meet this requirement. The ALJ erred in failing to adequately articulate his reasons for discrediting the husband's testimony. A description of the symptoms by the husband is necessary in determining whether Ms. Ross's symptoms meet the requirements for disability under 11.02 or 11.03.

## CONCLUSION[6]

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is not supported by substantial evidence. Specifically, the Commissioner's conclusion that the claimant had pseudoseizures was not supported by substantial evidence. The Commissioner also erred by failing to consider all of the evidence. Accordingly, the decision of the Commissioner will be reversed and remanded by separate order.

---

[6] Because this case requires remand on the lack of substantial weight supporting the ALJ's determination of Ms. Ross's condition and the failure to adequately discredit Ms. Ross's husband's testimony, the remainder of Ms. Ross's arguments on appeal will not be addressed.

**DONE** and **ORDERED** this 30th day of July, 2009.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge